UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARUICE JOHNSON B.,[1]

                Plaintiff,                      **DECISION AND ORDER**

v.                                                       6:22-cv-6199 (JJM)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

        This is an action brought pursuant to 42 U.S.C. § 1383(c)(3) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to Supplemental Security Income ("SSI") benefits. Before the court are the parties' cross-motions for judgment on the pleadings [8, 11].[2] The parties have consented to my jurisdiction [13]. Having reviewed their submissions [8, 11, 12], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

        The parties' familiarity with the 727-page administrative record [7] is presumed. On December 2, 2019, plaintiff filed an application for SSI, alleging a disability since December 15, 2016. Administrative Record [7] at 13. Plaintiff complained of several physical ailments. Id. at 16, 47-49. Plaintiff's claim was initially denied on March 11, 2020, and was again denied upon

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

reconsideration on June 17, 2020. Id. at 13, 65, 78. An administrative hearing was conducted before Administrative Law Judge ("ALJ") David Neumann on February 12, 2021, at which plaintiff, who appeared with an attorney, testified. Id. at 34-64 (transcript of hearing).

This appeal involves whether the ALJ: 1) improperly mischaracterized plaintiff's period of incarceration; and 2) erred as a matter of law when he disregarded a 2018 ALJ determination of disability, made upon an earlier application. See Plaintiff's Memorandum of Law [8-1] at 1, 7-10; Commissioner's Brief [11-1] at 4, 7-12. Plaintiff had filed a prior SSI application dated August 7, 2015 and received a partially favorable decision on August 20, 2018, finding that he was disabled as of December 15, 2016. Id. at 13. However, plaintiff's benefits were terminated due to a period of incarceration. Id.; see also 20 CFR 416.211(a)(1) ("you are not eligible for SSI benefits for any month throughout which you are a resident of a public institution"). Although there appears to have been some confusion about plaintiff's actual dates of incarceration, he testified:

> "I was locked up for a whole year. . . . 2014, I got locked up. I got out in 2016, was out for a couple years, got violated - got flagged for SSI. . . . I believe it was 2018. . . . I was off the payroll for a whole year because I was locked up on a violation."

Id. at 43 (transcript of testimony). With the help of his attorney, plaintiff clarified at the hearing that he was released from incarceration on November 24, 2019. Id. at 44.

Following the hearing, and upon the ALJ's request, Plaintiff's attorney submitted correspondence attempting to clarify plaintiff's dates of incarceration:

> "Based on the new records from Groveland Correctional Facility - Claimant was incarcerated from August 9, 2013 until March 6, 2020. I have also conferred with my client, who agrees that [ ] those dates sound correct."

Id. at 287.  Citing this correspondence, ALJ Neumann stated that "the representative claims that claimant was incarcerated from August 9, 2013 through March 6, 2020 . . . despite earnings in 2017 and 2018."  He found that plaintiff's "benefits were terminated due to a period of incarceration" and there was "no reason . . . to reopen the prior [ALJ] decision dated August 20, 2018."  Id.  He analyzed the record pursuant to the usual five-step process, without considering the August 20, 2018 decision, and determined that plaintiff "has not been under a disability, as defined in the Social Security Act, since December 2, 2019, the date the application was filed".  Id. at 29.

Plaintiff argues that, because the ALJ "incorrectly found" that plaintiff had been "continuously incarcerated from August 2013, through October 2019", he erred as a matter of law and remand is required on this basis alone.  Plaintiff's Memorandum of Law [8-1] at 7.  He argues further that ALJ Neumann improperly disregarded the prior ALJ finding that he was disabled beginning December 15, 2016.[3]  Id. at 9.

The Commissioner responds that, because plaintiff testified that his benefits were terminated after he was incarcerated for more than twelve months, "there is . . . no dispute that Plaintiff was required to file a new application for disability after his release from prison".  Commissioner's Brief [11-1] at 8.  Further, the Commissioner cites recent Western District of New York caselaw indicating that *res judicata* and collateral estoppel do not apply to applications for benefits made after a termination of benefits due to twelve months of continuous suspension.  Id. at 7.

For the reasons stated below, I agree with the Commissioner.

---

[3]   Plaintiff does not challenge any other aspect of the ALJ's analysis.  Accordingly, I address only this issue.

## ANALYSIS

A.        **Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

B.        **ALJ Neumann Applied the Correct Legal Standard**

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [his] determination is supported by substantial evidence". *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). A claimant's benefits are suspended upon incarceration and terminated after twelve months of continuous suspension. *See* 24 U.S.C. §1382(e)(1)(A) ("no person shall be an eligible individual . . . with respect to any month if throughout such month he is an inmate of a public institution"); 20 C.F.R. §416.1325(a) ("a recipient is ineligible for benefits for the first full calendar month in which he or she is a resident of a public institution . . . throughout the calendar month . . . such ineligibility continues for so long as such individual remains a resident of a public institution"); §416.1335 ("[w]e will

terminate your eligibility for benefits following 12 consecutive months of benefit suspension for any reason"").

> A claimant must reapply for benefits after benefit termination:
>
> "[A]ny individual who - (A) was an eligible individual . . . and (B) who, after such eligibility, is ineligible for benefits . . . for a period of 12 consecutive months . . . may not thereafter become eligible for benefits . . . until the individual has reapplied for benefits under section 1382 of this title and been determined to be eligible for benefits".

42 U.S.C. §1383(j)(1)(A)-(B).  In such a scenario:

> "[T]he [Social Security] Act provides that the disability determination will be 'made on the basis of the weight of the evidence and on a neutral basis with regard to the individual's condition, without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled'."

Singletary v. Astrue, 2012 WL 3204071, *8 (W.D.N.Y. 2012) ("Singeltary II") (*citing* 42 U.S.C. §1382c(a)(4)(C)).  ALJ Neumann's determination that "no reason exists to reopen the prior [ALJ] decision dated August 20, 2018" accords with the statutory and regulatory language.

I also agree with the Commissioner that Singeltary II, and recent Western District cases relying upon it, are persuasive on this issue. *See* Commissioner's Brief [11-1] at 9-11.  In Singletary v. Astrue, 2008 WL 1323892 (W.D.N.Y. 2008) ("Singletary I"), the court remanded the case to the Commissioner "to reassess the application of *res judicata*".  Singletary I, 2008 WL 1323892 at *5.  There, the ALJ's decision was "vague on the reason why the benefits were terminated.  All [the ALJ] specifically mentions is the statutory duty to suspend *payments* during the time Plaintiff was incarcerated".  Id. at *3 (emphasis in original).  Upon remand, the record reflected that plaintiff's entitlement to benefits was terminated "pursuant to section 1631(j)(1) which requires the termination of eligibility for SSI benefits after a claimant is ineligible for 12

consecutive months. . . . Plaintiff was incarcerated from July 1996 through October 2002." Singeltary II, 2012 WL 3204071 at *1.  There, the court found that "where benefits have been terminated and the recipient has made a new application for benefits, the recipient must prove that he or she is disabled, *without regard to the prior determination that he or she was disabled*. . . . Accordingly, pursuant to the Social Security Act, Plaintiff's new application for benefits is *not subject to findings made in prior determinations*".  Id. at *8 (emphasis added).  Like the court in Hofman v. Commissioner, 2019 WL 2462292 (W.D.N.Y. 2019), upon which plaintiff also relies, plaintiff does not distinguish, or even cite, Singletary II.

Since a new application is required without deference to prior findings, the ALJ properly analyzed the record using the standard five-step procedure without regard to whether the medical evidence demonstrated medical improvement since his prior application. *See* Biro v. Commissioner of Social Security, 335 F.Supp.3d 464, 467 n. 3 (W.D.N.Y. 2018) (considering the evidence using the usual five-step procedure after noting that "[t]he Act requires the termination of eligibility for SSI benefits after a claimant is ineligible for 12 consecutive months" (internal quotation omitted)); *see also* Jason B. v. Commissioner of Social Security, No. 6:20-cv-06644-DB, ECF No. 17, 8 (W.D.N.Y. Dec. 29, 2021) (rejecting plaintiff's argument that *res judicata* applied to a prior ALJ determination and noting that "[t]he Act expressly states that when benefits are terminated after a period of ineligibility for 12 consecutive months, the individual must reapply for benefits under section 1611 of the Act and meet the requirements for disability under the section").

ALJ Neumann correctly found that the plaintiff's "benefits were terminated due to a period of incarceration".  Administrative Record [7] at 13. He noted that "the representative claims that claimant was incarcerated from August 9, 2013 through March 6, 2020", but

-6-

expressed some skepticism about the accuracy of that claim due to plaintiff's "earnings in 2017 and 2018". Id.  He ultimately concluded there was "no reason [ ] to reopen the prior [ALJ] decision dated August 20, 2018." Id.  Given the ALJ's language, I do not agree with plaintiff that the ALJ failed to address the inconsistency between the plaintiff's supposed dates of incarceration (based on his attorney's representations) and his earnings in 2017 and 2018.  See Plaintiff's Memorandum of Law [8-1] at 8-9 ("the ALJ acknowledged Plaintiff's 2017 and 2018 earnings in his decision . . . The ALJ did not address this obvious conflict with his finding that Plaintiff had been incarcerated during that period").

Nor do I agree that the ALJ inaccurately read or mischaracterized the evidence. He did not mischaracterize that plaintiff was incarcerated "continuously" "from August 2013 through October 2019".  Id. at [8-1] at 8.  Instead, the ALJ stated that plaintiff's "representative" had made such a claim.  Administrative Record [7] at 13.  Elsewhere in the decision, ALJ Neumann accurately recounted plaintiff's testimony that he was incarcerated from 2014 to 2016 "and again from October 2018 through November 2019".  Id. at 22.  I find that ALJ Neumann did not mischaracterize the evidence or read it inaccurately.

Further, even if the ALJ had inaccurately stated that the plaintiff was incarcerated from August 9, 2013 through March 6, 2020, such an error would be harmless on this record. The plaintiff himself admitted to ALJ Neumann that he "was locked up for a whole year." Id. at 43.  Plaintiff does not contest that he was incarcerated greater than one year, from October 2018 through November 2019.  Plaintiff's Memorandum of Law [8-1] at 8.  The operative time period for termination of benefits is one year.  For purposes of the statutory provisions and regulations cited above, it makes no difference whether plaintiff was incarcerated for one month beyond one year, or for several years beyond one year.

Finally, I do not agree with plaintiff that the ALJ "should have explained why the evidence present for the August 2018 decision that found disability as of December 15, 2016, warranted a different conclusion in the present case". Plaintiff's Memorandum of Law [8-1] at 10. "For SSI applications, the relevant period is between the date of the application and the date of the ALJ's decision". Leisten v. Astrue, 2010 WL 1133246, *1, n. 2 (W.D.N.Y. 2010). Accordingly, the issue here is whether plaintiff was disabled between December 2, 2019 - the date of his application - and April 26, 2021 - the date of ALJ Neumann's decision.

Accordingly, I find that ALJ Neumann properly determined the plaintiff's incarceration lasted greater than one year leading to termination of his prior benefits, and properly concluded that the prior decision was irrelevant to this record as a matter of law.

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [11] is granted, and the plaintiff's motion [8] is denied.

**SO ORDERED**.
Dated: September 24, 2023

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge